

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION

Eastern District of Kentucky
FILED
DEC 18 2008
AT FRANKFORT
LESLIE G. WHITMER
CLERK: U.S. DISTRICT COURT

| | | |
|---|---|---|
| MIKE NOBLE, Individually and On Behalf of All Others Similarly Situated, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 08-76-DCR ECF |
| SERCO, INC. | § | |
| Defendant. | § | |

**COMPLAINT – COLLECTIVE ACTION**

Plaintiff, Mike Noble, Individually and on Behalf of all Others Similarly Situated ("Plaintiff" and "Class Members" herein) complain of Serco, Inc. (Defendant "Serco," herein) and shows as follows:

## I. NATURE OF SUIT

1.01. The Fair Labor Standards Act was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less that one and a one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944)(discussing the requirements of 29 U.S.C. § 207 (a)).

1.02. Defendant violated the FLSA by failing to pay certain employees at time and one-half their regular rates of pay for all hours worked within a workweek in excess of forty hours.

## II. JURISDICTION AND VENUE

2.01. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331.

2.02. This Court is a proper venue for this action under 28 U.S.C. § 1391(b).

## III. PARTIES

3.01. Plaintiff, Mike Noble, is a resident of Lawrenceburg, Kentucky and was employed as a Military Recruiter by Serco, Inc. within the three-year period immediately preceding the filing of this Complaint. His written consent to this action is attached as Exhibit "1."

3.02. Opt-In Plaintiff, Charles Robinson, is a resident of Wilmington, North Carolina was employed as a Military Recruiter by Serco, Inc. within the three-year period immediately preceding the filing of this Complaint. His written consent to this action is attached as Exhibit "2."

3.03. Defendant specializes in the recruitment of military personnel. Defendant maintains its principal offices in Reston, VA, and has transacted business in the Eastern District of Kentucky at all times relevant to this action.

3.04. Serco, Inc. is a New Jersey corporation and may be served with process through its registered agent, Corporation Service Company, 11 S. 12th St., P.O. Box 1463, Richmond, VA 23218.

## IV. FACTUAL BACKGROUND

4.01. Plaintiff and Class Members were improperly classified as exempt employees by Defendant and were not paid at time and one-half their regular rate for hours worked in excess of forty hours in a workweek. Plaintiff and Class Members were paid a fixed salary plus commissions but were expected to work far more than forty (40) hours per week.

4.02. Defendant provides recruitment services to the United State Military on a contract basis.

4.03. Defendant's recruiters' primary duties are to prospect for and attempt to obtain commitments from "future soldiers" to join the military.

4.04. Defendant's gross volume of sales exceeds $500,000 per year, exclusive of excise taxes.

4.05. Defendant controls the means and methods by which their respective employees are paid.

4.06. During the relevant time period, Defendant was an employer engaged in commerce within the meaning of the FLSA.

4.07. Defendant maintains a systematic policy which requires similarly situated employees who were improperly classified as exempt to work more than 40 hours per week without paying them overtime compensation in violation of the FLSA.

4.08. Plaintiff and Class Members are non-exempt employees under the FLSA who were improperly classified as exempt employees to avoid the requirement to pay overtime at time and one-half.

4.09. Defendant knows the FLSA is applicable to their employment practices and that their recruiters are improperly classified but they still fail to pay overtime.

4.10. Accordingly, Defendant's pattern or practice of failing to pay these employees in accordance with the FLSA was and is in willful violation of the FLSA.

4.11. Moreover, Defendant did not act in good faith or have reasonable grounds for believing the FLSA was not applicable.

## V. COLLECTIVE ACTION ALLEGATIONS

5.01. Plaintiff has actual knowledge that Class Members have also been denied overtime pay for hours worked over forty hours in a week.

5.02. Defendant has suffered, permitted, and/or required Class Members they employed to work in excess of forty hours per week.

5.03. Defendant has improperly classified Class Members they employ as "exempt" employees under the FLSA and denied them compensation for their hours worked over forty.

5.04. Plaintiff performed the same or similar work as Class Members in the provision of services on behalf of the Defendant.

5.05. Plaintiff and Class Members regularly work or worked in excess of forty hours during a workweek.

5.06. As such, the Class Members are similar to Plaintiff in terms of work similarities and pay structures.

5.07. The Class Members are similar to Plaintiff in the denial of overtime pay when required to work over forty hours in a workweek.

5.08. Defendant's failure to pay overtime compensation at the rates required by the FLSA results from a single decision, policy or plan and does not depend on the personal circumstances of the Class Members.

5.09. Plaintiff's experience is typical of the experience of Class Members.

5.10. The specific job titles or precise job titles of each Class Member do not prevent collective treatment.

5.11. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

5.12. Although the issue of damages may be individual in character, there remains a common nucleus of liability facts.

5.13. As such, the class of similarly situated Plaintiffs is properly defined as follows:

> **All individuals working as recruiters for Serco, Inc., regardless of precise title, during the three-year period immediately preceding the filing of this Complaint.**

## VI. CAUSE OF ACTION

6.01. Plaintiffs re-alleges and incorporates by reference the facts set forth above.

6.02. Defendant violated 29 U.S.C. § 207(a) by failing to pay Plaintiff and Class Members they employed time and one-half their regular hourly rates for all hours worked in excess of 40 hours during a workweek.

6.03. Plaintiff and Class Members have been damaged by these violations of 29 U.S.C. § 207(a).

6.04. Defendant's violations of 29 U.S.C. § 207(a) were repeated, willful and intentional.

6.05. Pursuant to 29 U.S.C. § 207(a) and § 216(b), Defendant is liable to Plaintiff and Class Members they employed for the full amount of all their unpaid overtime compensation, plus an additional equal amount as liquidated damages, plus the attorney's fees and costs.

**PRAYER**

WHEREFORE, Plaintiff respectfully requests judgment be entered in Plaintiff's and Class Members' favor, awarding:

A. compensation for all hours worked at a rate not less than the applicable minimum wage;

B. overtime compensation for all unpaid hours worked in excess of forty hours at the rate of one and one half times their regular rates;

C. all unpaid wages and overtime compensation;

D. an equal amount as liquidated damages as allowed under the FLSA;

E. reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA;

F. pre-judgment and post judgment interest at the highest rates allowed by law; and

G. such other relief as to which Plaintiff and the Class Members may be entitled.

Respectfully Submitted,

THE YOUNG LAW FIRM, P.C.
Jeremi K. Young, TX Bar No. 24013793
*For Admission Pro Hac Vice*
112 West 8th Avenue, Suite 900-D
Amarillo, Texas 79101
Telephone: (806) 331-1800
Facsimile: (806) 398-9095
E-mail: jyoung@youngfirm.com

LOVELL, LOVELL, NEWSOM & ISERN, L.L.P.
Tim Newsom, TX Bar No. 00784677
*For Admission Pro Hac Vice*
112 West Eighth Avenue, Suite 1000
Eagle Centre Building
Amarillo, Texas 79101-2314
Telephone: (806) 373-1515
Facsimile: (806) 379-7176
Email: tim@lovell-law.net

By: ______________________
Jeremi K. Young

*Attorneys for Plaintiffs and Class Members*