UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | |
|---|---|
| MIKE NOBLE, Individually and on Behalf of All Others Similarly Situated,  )<br>)<br>Plaintiff,                    )<br>)<br>V.                               )<br>)<br>SERCO, INC.,                      )<br>)<br>Defendant.                    ) | Civil Action No. 3: 08-76-DCR<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Defendant Serco, Inc. is a professional services company which provides staff to the United States Army on a contractual basis. From 2005 through 2008, Plaintiff Mike Noble was employed by Serco and contracted out as a military recruiter. Noble alleges that during his three years of employment, Serco violated 29 U.S.C. § 207(a) by failing to pay overtime for work he performed in excess of forty hours per week. He claims that this failure was a result of Serco erroneously classifying him and other similarly-situated employees as being exempt from Fair Labor Standards Act ("FLSA") coverage.

Noble filed a Complaint on his behalf and on behalf of others similarly situated alleging that Defendant Serco, Inc. failed to pay overtime compensation in violation of the FLSA, 29 U.S.C. § 207(a). Serco has now filed a motion to dismiss the Complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In the alternative, Serco requests

dismissal of parts of the Complaint. For the reasons discussed below, Defendant Serco's motion will be denied.

## LEGAL ANALYSIS

### A. The Standard for Dismissal After *Twombly*

Serco cites *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), in support of his argument that Noble's Complaint should be subjected to a heightened pleading standard. Serco asserts that Noble is attempting to initiate a serious and potentially expensive FLSA national collective action, but that his Complaint provides nothing more than lip service to the essential elements of his claim.

*Twombly* involved complex antitrust litigation. The Supreme Court held that, to survive a Rule 12(b)(6) motion to dismiss, the complaint must contain "(1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Twombly*, 550 U.S. at 555)). Although it appears that this language calls for a heightened pleading standard, the Supreme Court cited *Twombly* two weeks after it was published to reaffirm the liberal pleading standard in Rule (8)(a)(2) of the Federal Rules of Civil Procedure. *See Erickson v. Pardus*, 551 U.S. 89 (2007). *Erickson* involved a prisoner § 1983 claim. The Supreme Court explained that, "Rule . . . 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant

fair notice of what . . . the claim is and the grounds upon which it rests.'" *Id.* at 94 (quoting *Twombly*, 550 U.S. at 555).

There is considerable uncertainty surrounding the scope of the *Twombly* holding. The Sixth Circuit has noted that "[c]ourts in and out of the Sixth Circuit . . . have indicated that its holding is likely limited to expensive, complicated litigation like that considered in *Twombly*." *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). Similarly, it has also remarked that "*Twombly* itself suggests that its holding may be limited to cases likely to produce 'sprawling, costly, and hugely time-consuming' litigation." *United States ex rel. Snapp, Inc. v. Ford Motor Co.*, 532 F.3d 496, 503 n.6 (6th Cir. 2008).

The current case involves a FLSA claim for unpaid overtime compensation. It has the potential to be a complicated and expensive matter involving multiple plaintiffs around the country. Thus, the current case is more analogous to the antitrust litigation in *Twombly* than to the fairly simple § 1983 litigation in *Erickson*. However, following *Twombly* does not mean that the Court must subject Noble's Complaint to a heightened pleading standard. The Sixth Circuit has stated on more than one occasion that *Twombly does not* require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. *See Zibbell v. Mich. Dep't of Human Servs.*, No. 08-1553, 2009 U.S. LEXIS 3604, *7 (6th Cir. Feb. 23, 2009) (unpublished); *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). *See also T.D.I. Int'l, Inc. v. Golf Preservation, Inc.*, 2008 U.S. Dist. LEXIS 7427, *3 (E.D. Ky. Jan. 31, 2008) (noting that a plaintiff need only allege facts sufficient to raise a right to relief above a speculative level).

### B.     The Motion to Dismiss The Complaint In Its Entirety Will Be Denied

The Defendant's motion to dismiss the Complaint in its entirety will be denied because the pleading provides enough facts to state a plausible claim. In conducting this analysis, all factual allegations are accepted as true and the Complaint is construed in the light most favorable to Noble. *Hunter v. Sec'y of United States Army*, 565 F.3d 986, 2009 U.S. App. LEXIS 10638, *9 (6th Cir. May 18, 2009).

Congress enacted the FLSA "to compensate those who labored in excess of the statutory maximum number of hours for the wear and tear of extra work." *Ace v. Detroit Edison Co.*, 444 F.3d 763, 764 (6th Cir. 2006) (quoting *Bay Ridge Operating Co. v. Aaron*, 334 U.S. 446, 460 (1948)). Generally, employers subject to the FLSA must pay non-exempt employees time-and-a-half for work performed in excess of forty hours per week. 29 U.S.C. § 207(a); *Ace*, 444 F.3d at 764–65. Bona fide executive, administrative, or professional employees are exempt from this overtime pay requirement. *Ace*, 444 F.3d at 765 (citing *Auer v. Robbins*, 519 U.S. 452, 454 (1997)).

Noble claims that Serco violated the FLSA by erroneously classifying him and other Serco employees as exempt and, therefore, did not pay the required overtime compensation. To succeed on his claim for unpaid overtime compensation, Noble must prove by a preponderance of evidence that "(1) there exists an employer-employee relationship; (2) there was an engagement in activities within coverage of the FLSA; and (3) the defendant failed to pay the plaintiff the overtime pay required by law." *Kowalski v. Kowalski Heat Transfer Co.*, 920 F. Supp. 799, 806 (N.D. Ohio 1996). *See also Morgan v. Family Dollar Stores*, 551 F.3d 1233,

1277 n.68 (11th Cir. 2008). Serco does not dispute that it employed Noble and that it engages in activities that subject it to the FLSA. Therefore, the focus is upon the third element of Noble's claim.

To establish that Serco failed to pay overtime as required by law, Noble bears the burden of proving by a preponderance of evidence that he performed the work for which he claims he was not properly compensated. *Myers v. Copper Cellular Corp.*, 192 F.3d 546, 551 (6th Cir. 1999) (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–87 (1946), *superseded by statute on other grounds*). Serco claims the Complaint should be dismissed in its entirety, because it does not provided any facts to support Noble's claim that he worked in excess of forty hours during certain workweeks and was not properly compensated. However, it is not surprising that such facts are not provided in the Complaint. The employer, not the employee, bears the burden of maintaining records of how many hours an employee works each week and the employee's pay rate. 29 C.F.R. § 516.2(a). Discovery and analysis of these records is generally necessary for a plaintiff to satisfy his burden. *See Myer*, 192 F.3d at 551. Thus, whether Noble can actually establish that he worked in excess of forty hours during particular weeks without receiving the required overtime compensation may become an issue for summary judgment after Serco's employment records have been produced in discovery. Accepting as true the factual allegations in the Complaint, Noble has sufficiently alleged a plausible overtime compensation claim.

### C. The Alternative Request For Partial Dismissal Will Be Denied

As alternative relief, Serco asks the Court to dismiss specific claims because Noble failed to plead any facts or bases to demonstrate that: (1) Serco willfully violated the FLSA; (2) Serco did not act in good faith; (3) Noble is entitled to pre-judgment interest; and (4) Noble is entitled to recover at a rate of one and a half times his regular rate for hours worked in excess of forty per workweek. The motion to dismiss these specific claims will also be denied. Noble's general assertion that Serco willfully violated the FLSA is sufficient at this stage of the litigation to trigger the three-year statute of limitation pursuant to 29 U.S.C. § 255(a). Next, no basis has been shown to strike or dismiss the Plaintiff's assertion of a lack of good faith by the Defendant. Likewise, Serco's request to dismiss the Plaintiff's claim for pre-judgment interest is premature. Finally, at this stage of the litigation, it cannot be established that the fluctuating workweek calculation method and its overtime compensation rate of one-half times regular pay rate apply in this case. Therefore, Serco's motion to dismiss the request for compensation at one and one-half times Noble's regular pay rate also will be denied.

#### (1) The Willful Violation Claim

Generally, there is a two-year statute of limitations on FLSA claims to recover unpaid overtime compensation. 29 U.S.C. § 255(a); *Hughes v. Region VII Area Agency on Aging*, 542 F.3d 169, 187 (6th Cir. 2008). However, if the cause of action arose out of the employer's willful violation of the FLSA, then a three-year statute of limitations applies. *Id.* The Plaintiff asserts that Serco knew the FLSA applied to its employment practices, and also knew Noble did not receive overtime compensation because he was erroneously classified as an exempt

employee. Thus, Noble alleges Serco willfully violated the FLSA. Serco argues that the Complaint contains a general averment of willfulness, but does not present any facts or bases supporting this claim. Therefore, Serco argues Noble's claim that Serco willfully violated the FLSA should be dismissed pursuant to Rule 12(b)(6) and the two-year statute of limitations should apply to Noble's claims.

Several courts have held that a general averment of willfulness is sufficient to trigger the three-year statute of limitations for an FLSA claim. In *DeKeyser v. Thyssenkrupp Waupaca, Inc.*, 589 F. Supp. 2d 1026 (E.D. Wis. 2008), the defendant employer moved to dismiss the complaint pursuant to Rule 12(b)(6) on the ground that the "Plaintiffs' factual allegations fall short of stating a claim for a willful violation." *Id.* at 1036. In denying the motion to dismiss, the court held that the plaintiffs' general averment that the defendant "did not act in good faith in failing to pay proper overtime pay, and had no reason to believe that its failure to do so was not a violation of the FLSA . . ." is sufficient to satisfy the requirement of pleading a willful violation of the FLSA at this early stage of litigation. *Id.* In support, the court cited Rule 9(b) of the Federal Rules of Civil Procedure, which states, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.*

Similarly, in *Lepage v. Blue Cross & Blue Shield of Minnesota*, No. 08-548, 2008 U.S. Dist. LEXIS 49298 (D. Minn. Jun. 25, 2008), the court cited Rule 9(b) in support of its holding that plaintiffs' general assertions made in a complaint satisfy the requirement of pleading a willful violation of the FLSA. *Id.* at *9. The court also noted that the statute of limitations in 29 U.S.C. § 255(a) is an affirmative defense and plaintiffs are not required to negate an

affirmative defense in their complaint. *Id.* at *8 (citations omitted). Therefore, the three-year statute of limitations was applicable even though the plaintiffs' did not plead any facts supporting their assertion that the defendant employer willfully violated the FLSA. *Id.* at *7–8. Other courts reaching this same conclusion include: *Moran v. GTL Constr., LLC*, No. 06-168, 2007 U.S. Dist. LEXIS 55098, *10–11 (S.D.N.Y. Jul. 24, 2007), *Godman v. City of Saluda*, No. 1:00-208, 2000 U.S. Dist. LEXIS 21259, *4–5 (W.D.N.C. Nov. 15, 2000), and *United States ex rel. Mohr v. J. Pease Constr. Co.*, No. 92-8342, 1993 U.S. Dist. LEXIS 14687, *22–23 (N.D. Ill. Oct. 19, 1993).

Serco incorrectly relies on *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988), in support of its argument that Noble's Complaint does not sufficiently plead willfulness. In *McLaughlin*, the court held that a plaintiff demonstrates a willful violation of the FLSA by establishing "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." *Id.* at 133. However, this is what a plaintiff must prove *at trial* – not what a plaintiff must demonstrate to sufficiently plead willfulness. *Moran*, 2007 U.S. Dist. LEXIS 55098 at *10–11 (citations omitted).

### (2) Lack of Good Faith Claim

Noble asserts that Serco "did not act in good faith or have reasonable grounds for believing the FLSA was not applicable" without pleading any facts to support this claim. Since there are no facts supporting this claim, Serco argues the claim should be dismissed.

Generally, a district court is required to award a plaintiff liquidated damages equal in amount to actual damages for failing to pay overtime compensation. 29 U.S.C. § 216(b); *Ewell*

*v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 840 (6th Cir. 2002). However, the imposition of liquidated damages becomes discretionary if the defendant establishes that its failure to comply with the FLSA was done *both* in good faith and based on a reasonable belief that its actions were in compliance with the FLSA. *Ewell*, 276 F.3d at 840. The court is required to award liquidated damages if the plaintiff prevails on his claim and the employer cannot establish both elements. *Id.*

Noble's claims that Serco did not act in good faith and that Serco had no reasonable basis for believing the FLSA did not apply are not elements a plaintiff must prove. Rather, these are elements of an affirmative defense a defendant can raise. If Serco raises this affirmative defense to the mandatory imposition of liquidated damages, then it will have the burden to establish that it acted in good faith and under the reasonable belief that its actions complied with the FLSA. However, the Court will not strike or dismiss the assertion of lack of good faith from the Complaint.

### (3) Pre-Judgment Interest

Noble also requests liquidated damages and pre-judgment interest in his prayer for relief. However, Serco argues the claim for pre-judgment interest should be stricken because a plaintiff in a FLSA case is not entitled to both interest and liquidated damages.

In the Sixth Circuit, if a plaintiff is awarded the *full amount* of liquidated damages to which he is entitled, then he cannot also recover pre-judgment interest. *See McClanahan v. Mathews*, 440 F.2d 320, 325 (6th Cir. 1971) (citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 707–14 (1945)). The Court must award the full amount of liquidated damages if Serco

cannot establish that it acted in good faith and under the reasonable belief that its actions were in compliance with the FLSA. *Ewell*, 276 F.3d at 840. If this were to occur, then Noble would not be entitled to pre-judgment interest, because award pre-judgment interest and the full amount of liquidated damages would be tantamount to "interest on interest." *McClanahan*, 440 F.2d at 325. However, if Serco proves good faith as an affirmative defense, the Court would have the discretion to award a lesser amount of liquidated damages or none at all. In either situation, the Court must then award pre-judgment interest so Noble is restored to the position he would have been in had there been no FLSA violation, despite the fact that the Serco would have proven that its non-compliance was an innocent mistake. *Id.* at 326.

At this point in the litigation, the amount of liquidated damages, *if any*, that will be awarded to Noble is unknown. If less than the full amount of liquidated damages is awarded, then Noble may be made whole through an award of pre-judgment interest. Since it is possible to recover both liquidated damages and pre-judgment interest as requested in the prayer for relief, Serco's motion to strike this request will be denied.

### (4) Calculation of Overtime

Noble requests that the Court award "overtime compensation for all unpaid hours worked in excess of forty hours at the rate of one and one half times their regular rates." Serco argues this request should be stricken because Noble could only recover one half of his regular rate per overtime hour worked if he were to prevail in this action.

Employees not exempt from the FLSA are entitled to overtime compensation at one and one-half their regular rate. 29 U.S.C. § 207(a)(1). However, if the "fluctuating workweek"

method for rate calculation applies, the rate for overtime compensation is reduced from one and one-half the employee's regular rate to just one-half the employee's regular rate. 29 C.F.R. § 778.114. In order for the fluctuating workweek calculation to be used, there must be "*a clear mutual understanding of the parties* that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working 40 hours or some other fixed weekly work period." *Id.* (emphasis added).

Serco notes that in another unpaid overtime compensation lawsuit brought against it in the District of Utah, the court found that the fluctuating workweek method of rate calculation could be used, because there was a clear mutual understanding between Serco and the employees that their salary was compensation for the all the hours worked in a particular workweek. *Clements v. Resource Consultants, Inc.*, No. 04-1008, 2006 U.S. Dist. LEXIS 87724, *7–9 (D. Utah Nov. 21, 2006). On cross-appeal, the Tenth Circuit agreed with the district court that the plaintiffs' deposition testimony sufficiently established the parties had a clear mutual understanding regarding that the employees would be paid on a salary basis for all hours worked. *Clements v. Serco*, 530 F.3d 1224, 1231 (10th Cir. 2008). However, despite finding that the fluctuating workweek calculation method was applicable in the Utah case, this finding cannot simply be transferred to the current case. The District of Utah's holding was based on specific employees' deposition testimony. Just because there was a clear mutual understanding between Serco and those employees does not necessarily mean that there was a clear mutual understanding between Serco and Noble.

In his Complaint, Noble repeatedly asserts that he was paid a fixed salary plus commissions and regularly worked in excess of forty hours per week. However, at this point in the litigation, there is basis for the Court to conclude that there was a clear mutual understanding between Serco and Noble that his fixed salary was intended as compensation regardless of the number of hours he worked.

**CONCLUSION**

For the reasons stated herein, it is hereby

**ORDERED** as follows:

(1)    Defendant Serco, Inc.'s motion to dismiss [Record No. 19] the Complaint in its entirety or, alternatively, to dismiss or strike portions of the Complaint, is **DENIED**.

(2)    Defendant Serco, Inc. has twenty days from this date to respond to Plaintiff Mike Noble's motion for notice to potential plaintiffs and conditional certification as a collective action [Record No. 21].

This 25th day of June, 2009.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge