UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| MIKE NOBLE, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 3: 08-76-DCR |
| V. | ) ) ) | |
| SERCO, INC., | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Mike Noble has filed an Expedited Motion to Toll Statute of Limitations [Record No. 37] and a Motion for Leave to File First Amended Complaint [Record No. 53].  For the reasons stated below, both motions will be denied.

**I.      Background**

Noble seeks equitable tolling of the statute of limitations as to putative plaintiffs who have not yet received notice of the lawsuit and of their right to "opt in."[1]  He argues that tolling "is necessary to preserve the claims of putative class members, which would otherwise be devalued as a result of a delay for which the putative class members are not responsible." [Record No. 37, p. 3] In his motion, Noble provides several examples of cases, or types of cases, in which tolling has been permitted.  He asserts that equitable tolling is appropriate in this case

---

1      By Memorandum Opinion and Order dated September 28, 2009, the Court granted Noble's Motion for Notice to Potential Plaintiffs and Conditional Certification. [Record No. 64] The parties were given thirty days to file a proposed notice.  [*Id.* at 11]

because Serco no longer employs any of the putative plaintiffs. [*Id.*, p. 4] As a result, he argues, "recruiters who accrued unpaid overtime prior to [the end of 2007] had lost a substantial portion of the overtime compensation they were owed even before this lawsuit was filed," and therefore, "[t]olling the limitations period from the date this collective action lawsuit was filed until the putative class members are given notice of the case and a reasonable opportunity to opt in is necessary to stop the erosion of their claims." [*Id.*] Noble asks the Court to toll the running of the limitations period from the date this lawsuit was filed (December 18, 2008) until the end of the notice period. [*Id.*] In the alternative, he asks that the statute of limitations be tolled from the date of his Motion for Notice (February 10, 2009) until the end of the notice period. [*Id.*]

Serco asserts that the circumstances of this case are not so unusual as to warrant equitable tolling of the statute of limitations. [Record No. 39] It also maintains that Noble and his counsel were already aware that all of Serco's military recruiters had been terminated in 2007 as a result of their previous involvement in a similar lawsuit. [*Id.*, p. 4-6] It further alleges that potential plaintiffs participating in the other action "should be on notice that they may have similar claims against Serco." [*Id.*, p. 9]

In Noble's reply, he asserts, "Defendant's actions warrant tolling" and states that tolling is justified because Serco was granted a stay of litigation until the Court ruled on Serco's motion to dismiss. He disputes Serco's allegation that he had earlier knowledge regarding Serco's termination of its military recruiters and argues that putative plaintiffs had no actual or constructive notice of their claims against Serco. [Record No. 40, p. 6-9]

Noble also asks the Court for leave to file an amended complaint. [Record No. 53] In his proposed First Amended Complaint, he adds an allegation that Serco violated 29 C.F.R. § 516.4 by failing to conspicuously post a workplace notice explaining the Fair Labor Standards Act ("FLSA"). [Record No. 53, Ex. A, ¶ 6.03] Noble asserts that amendment of the complaint would not prejudice Serco and would prevent undue prejudice to putative plaintiffs because the new allegation "may provide an additional basis for tolling of the period of limitations." [*Id.*, p. 2]

Serco opposes amendment of the complaint, arguing that the purpose of Noble's motion is "to influence the court's ruling on his motion to toll." [Record No. 58, p. 5] Serco warns that amendment of the complaint at this point in the litigation "could cause the parties and this Court to reconsider the submissions the parties have made to date," thus resulting in delay and undue prejudice to Serco. [*Id.*] Because the overlap between Noble's two motions, they will be considered together.

## II.     Analysis

### A.     Equitable Tolling

Section 255 of the FLSA provides that an action for unpaid overtime compensation must "be commenced within two years after the cause of action accrued" unless the violation was willful, in which case the statute of limitations is three years. 29 U.S.C. § 255(a). A new cause of action accrues with each violation of the FLSA. *Hasken v. City of Louisville*, 234 F. Supp. 2d 688, 691 (W.D. Ky. 2002). Thus, at the end of each pay period in which a plaintiff is not properly compensated for overtime hours worked, the statute of limitations begins to run on that

-3-

claim. *Id.*; *see also Hughes v. Region VII Area Agency on Aging*, 542 F.3d 169, 187 (6th Cir. 2008) (citing *Archer v. Sullivan County*, Nos. 95-5214, 95-5215, 1997 U.S. App. LEXIS 33052, at *6 (6th Cir. Nov. 14, 1997)).

A collective action under the FLSA is "commenced," as to any named plaintiff who has filed a consent form with the court, on the date the complaint is filed. 29 U.S.C. § 256(a). For each "opt-in" plaintiff who later joins the suit, the action is commenced, and the statute of limitations is tolled, on the date that plaintiff files his or her consent. 29 U.S.C. § 256(b); *Hasken*, 234 F. Supp. 2d at 691. Congress contemplated a gap between the time a collective action is initiated and the time the statute of limitations is tolled by the filing of an opt-in consent. *Baden-Winterwood v. Life Time Fitness*, 484 F. Supp. 2d 822, 826 (S.D. Ohio 2007); *Woodard v. FedEx Freight East, Inc.*, 250 F.R.D. 178, 194 (M.D. Pa. 2008) ("Congress knew when it enacted 29 U.S.C. § 256 that time would lapse between the filing of the collective action complaint by the named plaintiff and the filing of written consents by the opt-in plaintiffs, yet it chose not to provide for tolling of the limitations period."); *see also Grayson v. K Mart Corp.*, 79 F.3d 1086, 1107 (11th Cir. 1996) (citing legislative history of FLSA amendment requiring written consent by opt-in plaintiffs and noting that "Congress expressed the concern that an opt-in plaintiff should not be able to escape the statute of limitations bearing on his cause of action by claiming that the limitations period was tolled by the filing of the original complaint").

As is evident from the above-cited cases, "[f]iling of a representative action under the FLSA does not toll the statute of limitations pending determination of the maintainability of a

representative action." *Hasken*, 234 F. Supp. 2d at 691.  The notification process creates a

foreseeable delay:

> The text of FLSA demonstrates that Congress chose to provide an opt-in
> mechanism which necessarily involves some lapse of time between the date a
> collective action is commenced and the date that each opt-in plaintiff files his or
> her consent form.  The fact that a potential opt-in plaintiff first has to be notified
> of his or her eligibility to participate before he or she can file a consent form
> explains the lapsed time.

*Baden-Winterwood*, 484 F. Supp. 2d at 826.

Although the language of the FLSA does not support Noble's motion, the Sixth Circuit

has recognized that "[i]t is well established that the equitable tolling doctrine 'is read into every

federal statute of limitation.'"  *Ott v. Midland-Ross Corp.*, 600 F.2d 24, 30 (6th Cir. 1979)

(quoting *Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946)).  However, this Court is mindful

of repeated admonishments from the Sixth Circuit and the Supreme Court that the doctrine

should be applied "sparingly."  *See, e.g.*, *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96

(1990); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  Equitable tolling is appropriate only

in unusual cases.  "Generally, a litigant seeking equitable tolling bears the burden of establishing

two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

The Sixth Circuit has set forth five factors relevant in determining whether equitable

tolling is appropriate: (1) plaintiffs' lack of actual notice of the filing requirement; (2) their lack

of constructive knowledge of the filing requirement; (3) their diligence in pursuing their rights;

(4) absence of prejudice to the defendant if equitable tolling is allowed; and (5) plaintiffs'

reasonableness in remaining ignorant of the filing requirement.  *Hughes*, 542 F.3d at 187-88

(citing *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)).  This list of factors is not exhaustive,

however, and not all of the factors will be relevant in all cases.  *Cook*, 295 F.3d at 521 (citing

*Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir.

2000)).  Ultimately, "[t]he decision whether to equitably toll a period of limitations must be

decided on a case-by-case basis." *Id.* (citing *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th

Cir. 1998)).

Because Noble seeks to have the limitations period tolled as to plaintiffs who have not

yet joined the suit, the five-factor inquiry is not relevant here.  It would be inappropriate to

attempt to apply the factors at this stage in the litigation because the Court does not yet know

who the opt-in plaintiffs will be.  The first, second, and fifth factors, which relate to a plaintiff's

awareness of the filing requirement, cannot be analyzed with regard to plaintiffs whose identities

are not yet known.[2]  The third factor is not relevant because, as Noble notes, "diligence is

measured by whether Plaintiffs opted-in when given the opportunity," and "[t]he potential

putative class has not yet been given the opportunity to opt-in to this lawsuit." [Record No. 40,

p. 10; *see Baden-Winterwood*, 484 F. Supp. 2d at 828]  The fourth factor, absence of prejudice

to the defendant, is not relevant unless at least one other factor militates in favor of tolling.  *Allen*

*v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).  The five-factor test simply is not "suitable for

preemptive, one-size-fits-all application to a group of as-yet-unidentified potential plaintiffs."

*Mathews v. ALC Partner, Inc.*, No. 2:08-CV-10636, 2009 U.S. Dist. LEXIS 75097, at \*21-22

---

2       Noble cites *Hasken* in his discussion of the constructive-notice factor.  [Record No. 40, p. 8]
However, the plaintiffs seeking equitable tolling in *Hasken* had already joined the suit.  As a result, the factors
were not being applied to unknown potential plaintiffs, as would be the case here.  *See* 234 F. Supp. 2d at
691-92.

(E.D. Mich. Aug. 24, 2009).  Although the factors will not all be relevant in all cases, *Cook*, 295

F.3d at 521, the fact that *none* is applicable here suggests that equitable tolling would be

inappropriate.

The five-factor analysis aside, the circumstances of this case do not warrant equitable

tolling.  There is nothing extraordinary about the way this litigation has proceeded.  As discussed

previously, the FLSA statute of limitations is structured such that there will inevitably be a gap

between the filing of the original complaint, when the statute of limitations ceases to run as to

the named plaintiff, and the filing of opt-in plaintiffs' consent forms, when the statute of

limitations is tolled as to them.  *See Woodard*, 250 F.R.D. at 194; *Grayson*, 79 F.3d at 1107.

Moreover, some time will necessarily pass between the filing of the initial complaint and a

motion by the named plaintiff for conditional certification and notice to potential plaintiffs, and

again between the filing of that motion and the time putative plaintiffs actually receive notice

of the suit and their right to opt in.  *See Baden-Winterwood*, 484 F. Supp. 2d at 826.  The fact

that Serco requested and was granted a stay of litigation while the Court ruled on its Motion to

Dismiss [Record No. 19] does not make this an extraordinary case.

Noble contends that if his motion for tolling is denied, "it will provide the Defendant and

indeed defendants in all FLSA collective actions tremendous incentive to attempt to delay a

ruling on conditional certification, knowing that for every week they successfully delay they will

enjoy a corresponding decrease in their potential liability."  [*Id.*, p. 7]  This is a legitimate

concern.  However, the circumstances of this case do not suggest such an attempt by Serco.  In

fact, Noble has made no allegation of wrongdoing by Serco beyond his bald assertion that

"Defendant's actions warrant tolling." [Record No. 40, p. 3] Noble then notes that Serco "requested a stay of this litigation until the [C]ourt rule[d] on the motion to dismiss . . . for the purpose of delaying its response on the motion for notice" and argues that "[i]f Defendant desires more time to respond to the motion for notice pending this Court's ruling on the motion to dismiss, then the putative class members' claims should not suffer as a result." [*Id.*] However, "the filing of a motion permitted by the Federal Rules of Civil Procedure is not . . . *per se* misconduct," *Woodard*, 250 F.R.D. at 194, and Noble does not complain that Serco filed the motion to stay its response deadline in bad faith. [*See generally* Record Nos. 37, 40] Thus, for purposes of this decision, the Court is not particularly concerned with policy implications.

### B.      First Amended Complaint

Noble seeks leave to amend his complaint to allege that Serco violated 29 C.F.R. § 516.4, which requires employers to conspicuously post a notice of employees' rights under the FLSA. He states that the allegation "may provide an additional basis for tolling of the period of limitations." [Record No. 53, p. 2] Some jurisdictions allow equitable tolling as a remedy for failure to post an FLSA notice. *See, e.g.*, *Walker v. Washbasket Wash & Dry*, No. 99-4878, 2001 U.S. Dist. LEXIS 9309, at *36-37 (July 5, 2001 E.D. Pa.) (citing *Bonham v. Dresser Indus., Inc.*, 569 F.2d 187, 193 (3d Cir. 1978); *Friedrich v. U.S. Computer Servs., Inc.*, 833 F. Supp. 470, 478 (E.D. Pa. 1993); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Pa. 1984)); *Cisneros v. Jinny Beauty Supply Co.*, No. 03 C 1453, 2004 U.S. Dist. LEXIS 2094, at *4 (N.D. Ill. Feb. 6, 2004). However, the Sixth Circuit has stated in an unpublished opinion that violation of the notice-posting requirement does not "justif[y] invocation of the tolling doctrine." *Archer*,

1997 U.S. App. LEXIS 33052, at *13; *see Claeys v. Gandalf, Ltd.*, 303 F. Supp. 2d 890, 896 (S.D. Ohio 2004); *Viciedo v. New Horizons Computer Learning Ctr. of Columbus*, 246 F. Supp. 2d 886, 904 (S.D. Ohio 2003).  Therefore, although under Rule 15 leave to amend is generally to be "freely give[n]," Fed. R. Civ. P. 15(a), addition of this claim to Noble's complaint would serve no ostensible purpose.  Therefore, there is no reason to allow it.

### III.  Conclusion

Equitable tolling is an extreme remedy warranted only by extraordinary circumstances, which are not present here.  Further, because the Sixth Circuit has indicated that violation of the notice-posting regulation is not a sufficient ground for tolling of the FLSA statute of limitations, amendment of the complaint to add such an allegation would be futile.  Accordingly, it is hereby

**ORDERED** as follows:

(1)    Plaintiff's Expedited Motion to Toll Statute of Limitations [Record No. 37] is **DENIED**.

(2)    Plaintiff's Motion for Leave to File First Amended Complaint [Record No. 53] is **DENIED**.

This 7th day of October, 2009.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge